RECEIVED - CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| 1. LYONDELL CHEMICAL COMPANY and | § |
| 2. ATLANTIC RICHFIELD COMPANY, | § § § |
| Plaintiffs, | § § |
| v. | § § § |
| 1. ALBEMARLE CORPORATION, | § |
| 2. CARPENTER CHEMICAL COMPANY, | § |
| 3. E. I. DU PONT DE NEMOURS AND COMPANY, | § § |
| 4. EL PASO TENNESSEE PIPELINE COMPANY, | § § |
| 5. EPEC CORPORATION, | § |
| 6. EPEC POLYMERS, INC., | § |
| 7. ETHYL CORPORATION, | § |
| 8. EXXON MOBIL CORPORATION, | § |
| 9. FRENCH, LIMITED, | § |
| 10. FRENCH LIMITED OF HOUSTON, INC., | § |
| 11. GATX CORPORATION, | § |
| 12. HERCULES INCORPORATED, | § |
| 13. HOECHST CELANESE CHEMICAL GROUP, INC., | § § |
| 14. HOECHST CELANESE CORPORATION, | § |
| 15. JOINER LIQUIDATING TRUST, | § |
| 16. LIBERTY WASTE DISPOSAL, | § |
| 17. PPG INDUSTRIES, INC., | § |
| 18. PETRO-CHEMICAL SYSTEMS, INC., | § |
| 19. PETRO-TEX CHEMICAL CO., | § |
| 20. REXENE CORPORATION, | § |
| 21. TEAM, INC., | § |
| 22. TENNECO, INC., | § |
| 23. TENNECO CHEMICALS, INC., | § |
| 24. TENNECO HYDROCARBON CHEMICALS, | § § |
| 25. TENNECO MANUFACTURING COMPANY, | § § |
| 26. TENNECO POLYMERS, INC. | § |
| 27. TENNECO RESINS, INC. | § |

F I L E D
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

DEC 0 6 2001

DAVID J. MALAND, CLERK
DEPUTY _____

1 ¦ 0 1 C V - 8 9 0

1

28. TENNESSEE GAS PIPELINE §
    COMPANY (FORMERLY TENNECO, §
    INC.), §
29. THE GOODYEAR TIRE & RUBBER §
    COMPANY, §
30. THE LUBRIZOL CORPORATION, §
31. U.S. STEEL, §
32. USX CORPORATION, §
33. VACUUM TANKS, INC. §
                                    §
    Defendants.                     §

## LYONDELL CHEMICAL COMPANY'S AND
## ATLANTIC RICHFIELD COMPANY'S
## ORIGINAL COMPLAINT

Plaintiffs Lyondell Chemical Company, successor to Lyondell Chemical Worldwide, Inc.

f/k/a Arco Chemical Company ("Lyondell") and Atlantic Richfield Company ("ARCO") file this

Complaint against Defendants Albemarle Corporation; Carpenter Chemical Company; E. I. du

Pont de Nemours and Company; El Paso Tennessee Pipeline Company; EPEC Corporation;

EPEC Polymers, Inc.; Ethyl Corporation; Exxon Mobil Corporation; French, Limited; French

Limited of Houston, Inc.; GATX Corporation; Hercules Incorporated; Hoechst Celanese

Chemical Group, Inc.; Hoechst Celanese Corporation; Joiner Liquidating Trust; Liberty Waste

Disposal; PPG Industries, Inc.; Petro-Chemical Systems, Inc.; Petro-Tex Chemical Co.; Rexene

Corporation; Team, Inc.; Tenneco, Inc.; Tenneco Chemicals, Inc.; Tenneco Hydrocarbon

Chemicals; Tenneco Manufacturing Company; Tenneco Polymers, Inc.; Tenneco Resins, Inc.;

Tennessee Gas Pipeline Company (formerly Tenneco, Inc.); The Goodyear Tire & Rubber

Company; The Lubrizol Corporation; U.S. Steel; USX Corporation; and Vacuum Tanks, Inc. and

in support show as follows:

1. This is a civil action for cost recovery and contribution brought pursuant to Sections

107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, based on the alleged disposal of and/or

transport for disposal of hazardous substances at the Turtle Bayou (Petro-Chemical Systems,

Inc.) Superfund Site (the "Site") in Liberty County, Texas. Plaintiffs have served a copy of their Original Complaint on the Attorney General of the United States and the Administrator of the Environmental Protection Agency pursuant to Section 113(l) of CERCLA.

## PARTIES

2.      Plaintiff Lyondell is a corporation created and organized under the laws of the State of Delaware. Plaintiff ARCO is a corporation created and organized under the laws of the State of Delaware.

3.      Defendant Albemarle Corporation ("Albemarle") is a corporation created and organized under the laws of the State of Virginia and can be served through its registered agent for service, CT Corp System, 1021 Main St., Suite 1150, Houston, Texas 77002.

4.      Defendant Carpenter Chemical Company ("Carpenter") is a corporation created and organized under the laws of the State of Delaware and can be served through its registered agent for service, Roger W. Powell, 11002 Choate Road, Houston, Texas.

5.      Defendant E. I. du Pont de Nemours and Company ("DuPont") is a corporation created and organized under the laws of the State of Delaware and can be served through its registered agent for service, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

6.      Defendant El Paso Tennessee Pipeline Company is a corporation created and organized under the laws of the State of Delaware and can be served through its registered agent for service, CT Corporation System, 811 Dallas Avenue, Houston, Texas 77002.

7.      Defendant EPEC Corporation is a corporation created and organized under the laws of the State of Delaware and can be served through its registered agent for service, CT Corporation System, 811 Dallas Avenue, Houston, Texas 77002.

8.      Defendant EPEC Polymers, Inc. is a corporation created and organized under the laws of the State of Delaware and can be served through its registered agent for service, CT Corporation System, 811 Dallas Avenue, Houston, Texas 77002.

9.      Defendant Ethyl Corporation ("Ethyl") is a corporation created and organized under the laws of the State of Virginia and can be served through its registered agent for service, CT Corp System, 350 N. St. Paul Street, Dallas, Texas 75201.

10.     Defendant Exxon Mobil Corporation ("Exxon") is a corporation created and organized under the laws of the State of New Jersey and can be served through its registered agent for service, John F. Tully, 800 Bell Street, Houston, TX 77002.

11.     Defendant French, Limited ("French") is a corporation created and organized under the laws of the State of Texas and can be served through its registered agent for service, George A. Whitten, 2602 Country Club, Pearland, Texas 77581.

12.     Defendant French Limited of Houston, Inc. ("French Limited") is a corporation created and organized under the laws of the State of Texas and can be served through its registered agent for service, George A. Whitten, 2602 Country Club, Pearland, Texas 77581.

13.     Defendant GATX Corporation ("GATX") is a corporation created and organized under the laws of the State of New York and can be served through its registered agent for service, Serve SOS For Mailing To, 120 South Riverside Plaza, P. O. Box 60, Chicago, IL 60608.

14.     Defendant Hercules Incorporated ("Hercules") is a corporation created and organized under the laws of the State of Delaware and can be served through its registered agent for service, CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

4

15.     Defendant Hoechst Celanese Chemical Group, Inc. ("Hoechst") is a corporation created and organized under the laws of the State of Texas and can be served through its registered agent for service, CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

16.     Defendant Hoechst Celanese Corporation ("Hoechst Corp") is a corporation created and organized under the laws of the State of Texas and can be served through its registered agent for service, CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201

17.     Defendant Joiner Liquidating Trust ("Joiner") is a corporation created and organized under the laws of the State of Texas and can be served through its registered agent for service, CP Joiner, 8303 La Porte Rd., Houston, Texas.

18.     Defendant Liberty Waste Disposal ("Liberty") is a corporation created and organized under the laws of the State of Texas and can be served through its registered agent for service, W. H. Pugh, 5077 Val Verde, Houston, Texas 77017.

19.     Defendant PPG Industries, Inc. ("PPG") is a corporation created and organized under the laws of the State of Pennsylvania and can be served through its registered agent for service, Prentice Hall Corp System, 800 Brazos, Austin, Texas 78701.

20.     Defendant Petro-Chemical Systems, Inc. ("Petro-Chem") is a corporation created and organized under the laws of the State of Texas and can be served through its registered agent for service, Charles Lanford, Jr., 202 Southmore Savings Bldg., East Southmore Ave., Pasadena, Texas 77502.

21.     Defendant Petro-Tex Chemical Co. ("Petro-Tex") is a corporation created and organized under the laws of the State of Delaware and can be served through its registered agent for service, CT Corporation System, 811 Dallas Avenue, Houston, Texas 77002.

22.    Defendant Rexene Corporation ("Rexene") is a corporation created and organized under the laws of the State of Delaware and can be served through its registered agent for service, CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

23.    Defendant TEAM Inc. ("TEAM") is a corporation created and organized under the laws of the State of Texas and can be served through its registered agent for service, CT Corporation System, 811 Dallas Avenue, Houston, Texas 77002.

24.    Defendant Tenneco, Inc. ("Tenneco") is a corporation created and organized under the laws of the State of Texas and can be served through its registered agent for service, CT Corporation System, 1021 Main St., Suite 1150, Houston, Texas 77002.

25.    Defendant Tenneco Chemicals, Inc. ("Tenneco Chemicals") is a corporation created and organized under the laws of the State of Texas and can be served through its registered agent for service, CT Corporation System, 1021 Main St., Suite 1150, Houston, Texas 77002.

26.    Defendant Tenneco Hydrocarbon Chemicals ("Tenneco Hydrocarbon") is a corporation created and organized under the laws of the State of Texas and can be served through its registered agent for service, CT Corporation System, 1021 Main St., Suite 1150, Houston, Texas 77002.

27.    Defendant Tenneco Manufacturing Company ("Tenneco Manufacturing") is a corporation created and organized under the laws of the State of Texas and can be served through its registered agent for service, J. E. Ivins, 900 Tennessee Bldg., Houston, Texas

28.    Defendant Tenneco Polymers, Inc. ("Tenneco Polymers") is a corporation created and organized under the laws of the State of Texas and can be served through its registered agent for service, CT Corporation System, 1021 Main St., Suite 1150, Houston, Texas 77002.

29.     Defendant Tenneco Resins, Inc. ("Tenneco Resins") is a corporation created and organized under the laws of the State of Texas and can be served through its registered agent for service, CT Corporation System, 1021 Main St., Suite 1150, Houston, Texas 77002.

30.     Defendant Tennessee Gas Pipeline Co. is a corporation created and organized under the laws of the State of Delaware and can be served through its registered agent for service, CT Corporation System, 1021 Main St., Suite 1150, Houston, Texas 77002.

31.     Defendant The Goodyear Tire & Rubber Company ("Goodyear") is a corporation created and organized under the laws of the State of Ohio and can be served through its registered agent for service, CT Corp System, 350 N. St. Paul Street, Dallas, Texas 75201.

32.     Defendant The Lubrizol Corporation ("Lubrizol") is a corporation created and organized under the laws of the State of Ohio and can be served through its registered agent for service, CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

33.     Defendant U.S. Steel ("U.S. Steel") is a corporation created and organized under the laws of the State of Delaware and can be served through its registered agent for service, CT Corporation System, Republic National Bank Bldg., Dallas, Texas 75201.

34.     Defendant USX Corporation is a corporation created and organized under the laws of the State of Delaware and can be served through its registered agent for service, Prentice-Hall Corporation System Inc. Corporation, 800 Brazos St., Suite 750, Austin, Texas 78701-2554.

35.     Defendant Vacuum Tanks, Inc. ("Vacuum") is a corporation created and organized under the laws of the State of Texas and can be served through its registered agent for service, Michael L. Brown, 712 Main Street, Suite 2120, Houston, Texas 77002.

36.    Each of the Defendants qualifies as a "person" under Sections 101(21) and 107 of CERCLA, 42 U.S.C. §§ 9601(21) and 9607.

## JURISDICTION AND VENUE

37.    The Court has jurisdiction over this action pursuant to 42 U.S.C. §§ 9607 and 9613(b), and 28 U.S.C. § 1331.

38.    Venue is proper in this Court pursuant to 42 U.S.C. § 9613(b) and 28 U.S.C. § 1391(b).

## BACKGROUND FACTS AND GOVERNING LAWS

39.    Plaintiffs allege that there have been releases or substantial threats of releases of hazardous substances or pollutants or contaminants from the Site into the environment.

40.    Plaintiffs further allege that the site is a facility within the meaning of Section 101(9) CERCLA, 42 U.S.C. §9601(9).

41.    Plaintiffs are informed and, based upon such belief, allege that Defendants herein generated, arranged for disposal or treatment, or transported hazardous substances that were disposed of at the Site.

42.    Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), states in pertinent part:

(a)    Covered persons; scope; recoverable costs and damages; interest rate; "comparable maturity" date

Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section-

(1)    the owner and operator of a vessel or a facility,

(2)    any person who at the time of disposal of any hazardous substance owned of operated any facility at which such hazardous substances were disposed of,

(3)    any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or

8

treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances, and

(4)     any person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities, incineration vessels or sites selected by such person, from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for-

. . .

(B)     any other necessary costs of response incurred by any other person consistent with the national contingency plan;

43.     Plaintiffs have incurred "costs of response" for removal and/or remedial action as defined in Sections 101(23), (24) and (25) of CERCLA, 42 U.S.C. § 9601 (23), (24), and (25), and as used in Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), because of these releases and threatened releases.

44.     Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), states in pertinent part:

Any person may seek contribution from any other person who is liable or potentially liable under section 9607(a) [107(a)] of this title, during or following any civil action under section 9606 [106] of this title or under section 9607(a) [107(a)] of this title.

45.     In *United States v. Lang, et al.,* 1:94CV57, in the United States District Court, Eastern District of Texas, Beaumont Division, the United States of America filed suit against Lyondell and ARCO alleging that hazardous substances and/or pollutants or contaminants, which presented an imminent and substantial danger to the public health and welfare, were located at the Site.

46.     Plaintiffs entered into a settlement with the United States in *Lang* which was embodied in a Consent Decree. The District Court approved and entered the Consent Decree on December 8, 1998. The Consent Decree resolved the Plaintiffs' liability to the United States

9

under Section 107 of CERCLA, 42 U.S.C. § 9607, for response actions undertaken by Plaintiffs

and costs related to response actions undertaken by the United States at the Site.

47.     Pursuant to the Consent Decree, Plaintiffs have incurred and continue to incur

additional "costs of response" for removal or remedial action as defined in Sections 101(23),

(24) and (25) of CERCLA, 42 U.S.C. § 9601 (23), (24), and (25), and as used in Section 107(a)

of CERCLA, 42 U.S.C. § 9607(a).

48.     Section 113(f)(3)(B) of CERCLA, 42 U.S.C. § 9613(f)(3)(B) states:

> A person who has resolved its liability to the United States or a
> State for some or all of a response action or for some or all of the
> costs of such action in an administrative or judicially approved
> settlement may seek contribution from any person who is not party
> to a settlement referred to in paragraph (2).

49.     The response actions taken by Lyondell and ARCO at the Site were necessary to

protect the public health, welfare, or the environment, and are consistent with the National

Contingency Plan, 40 C.F.R. Part 300.

## COUNT I – ETHYL AND ALBEMARLE

50.     The allegations in paragraphs 1 through 49 are realleged and incorporated herein

by reference.

51.     Based upon information and belief, Plaintiffs allege that during the time period

the Site received hazardous substances, Defendant and/or its predecessors owned and/or operated

an industrial facility at the following location:  Ethyl Pasadena Plant.  If this facility was not

owned by Ethyl during the time period the Site received hazardous substances, Plaintiffs allege,

upon information and belief, that Ethyl acquired the facility by merger or consolidation, and/or

assumed the liabilities of the predecessor corporation pursuant to an express agreement or

otherwise.  Ethyl and/or its predecessors generated hazardous substances at this location, and

10

arranged for the disposal or treatment, or transportation of the hazardous substances generated by this location to the Site.

52.     Upon information and belief, Plaintiffs allege Ethyl and/or its predecessors generated hazardous substances at the location described, and arranged for the disposal or treatment, or transportation of the hazardous substances generated by these locations to the Site.

53.     The materials disposed of by Ethyl and/or its predecessor in interest included "hazardous substances" within the meaning of Section 101(14) of CERCLA, 42 U.S.C. §9601 (14).

54.     Based upon information and belief, Defendant Albemarle is a successor in interest to Ethyl by virtue of its acquisition of certain assets and liabilities of Ethyl from which "hazardous substances" within the meaning of Section 101(4) of CERCLA, 42 U.S.C. §9601 were transported to the Site and is, therefore, liable under CERCLA for the release of hazardous substances at the Site.

55.     Under Sections 113(f)(1), 113(f)(3), 107(a), and 113(g)(3)(B) of CERCLA, Plaintiffs seek cost recovery and contribution from Ethyl and Albemarle for costs incurred by or to be incurred in the future in response to releases or threatened releases of hazardous substances at the Site. Plaintiffs also seek declaratory judgment to declare the rights of the parties as to all future costs incurred by the Plaintiffs at the Site.

## COUNT II - GOODYEAR

56.     The allegations in paragraphs 1 through 49 are realleged and incorporated herein by reference.

57.     Goodyear, or its predecessors, by contract, agreement, or otherwise, generated hazardous substances, arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at the Site of "hazardous substances" within the meaning of

11

Section 101(4) of CERCLA, 42 U.S.C. §9601. As such Goodyear is liable for all costs of response actions incurred and to be incurred at the Site pursuant to CERCLA.

58.     Under Sections 113(f)(1), 113(f)(3), 107(a), and 113(g)(3)(B) of CERCLA, Plaintiffs seek cost recovery and contribution from Goodyear for costs incurred by or to be incurred in the future in response to releases or threatened releases of hazardous substances at the Site. Plaintiffs also seek declaratory judgment to declare the rights of the parties as to all future costs incurred by the Plaintiffs at the Site.

## COUNT III - PPG

59.     The allegations in paragraphs 1 through 49 above are realleged and incorporated herein by reference.

60.     PPG, or its predecessors, by contract, agreement, or otherwise, generated hazardous substances, arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at the Site of "hazardous substances" within the meaning of Section 101(4) of CERCLA, 42 U.S.C. §9601. As such, PPG is liable for all costs of response actions incurred and to be incurred at the Site pursuant to CERCLA.

61.     Under Sections 113(f)(1), 113(f)(3), 107(a), and 113(g)(3)(B) of CERCLA, Plaintiffs seek cost recovery and contribution from PPG for costs incurred by or to be incurred in the future in response to releases or threatened releases of hazardous substances at the Site. Plaintiffs also seek declaratory judgment to declare the rights of the parties as to all future costs incurred by the Plaintiffs at the Site.

## COUNT IV – EL PASO

62.     The allegations in paragraphs 1 through 49 above are realleged and incorporated herein by reference.

63.     El Paso Tennessee Pipeline company, EPEC Corporation, EPEC Polymers, Inc., Tennessee Gas Pipeline Co., Petro-Tex, Tenneco, Inc., Tenneco Chemicals, Inc., Tenneco Hydrocarbon Chemicals, Tenneco Manufacturing Company, Tenneco Polymers, Inc., Tenneco Resins, Inc. and/or their predecessors in interest (collectively "El Paso"), by contract, agreement, or otherwise, generated hazardous substances, arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at the Site of "hazardous substances" within the meaning of Section 101(4) of CERCLA, 42 U.S.C. §9601. As such, El Paso is liable for all costs of response actions incurred and to be incurred at the Site pursuant to CERCLA.

64.     Under Sections 113(f)(1), 113(f)(3), 107(a), and 113(g)(3)(B) of CERCLA, Plaintiffs seek cost recovery and contribution from El Paso for costs incurred by or to be incurred in the future in response to releases or threatened releases of hazardous substances at the Site. Plaintiffs also seek declaratory judgment to declare the rights of the parties as to all future costs incurred by the Plaintiffs at the Site.

## COUNT V – FRENCH AND TEAM

65.     The allegations in paragraphs 1 through 49 are realleged and incorporated herein by reference.

66.     French, Limited and French Limited of Houston, Inc. and/or their predecessors in interest (collectively "French"), by contract, agreement, or otherwise, generated hazardous substances, arranged for disposal or treatment, or transported for disposal or treatment, at the Site of "hazardous substances" within the meaning of Section 101(4) of CERCLA, 42 U.S.C. §9601. As such, French is liable for all costs of response actions incurred and to be incurred at the Site pursuant to CERCLA.

67.     TEAM, as the successor in interest to French, Limited and/or French Ltd. of Houston, Inc. by contract, agreement, or otherwise, generated hazardous substances, arranged for

disposal or treatment, or transported for disposal or treatment, at the Site of "hazardous substances" within the meaning of Section 101(4) of CERCLA, 42 U.S.C. §9601. As such TEAM is liable for all costs of response actions incurred and to be incurred at the Site pursuant to CERCLA.

68.     Under Sections 113(f)(1), 113(f)(3), 107(a), and 113(g)(3)(B) of CERCLA, Plaintiffs seek cost recovery and contribution from French and TEAM for costs incurred by or to be incurred in the future in response to releases or threatened releases of hazardous substances at the Site. Plaintiffs also seek declaratory judgment to declare the rights of the parties as to all future costs incurred by the Plaintiffs at the Site.

## COUNT VI – CARPENTER CHEMICAL CO.

69.     The allegations in paragraphs 1 through 49 are realleged and incorporated herein by reference.

70.     Carpenter, or its predecessors, by contract, agreement, or otherwise, generated hazardous substances, arranged for disposal or treatment, or transported for disposal or treatment, at the Site of "hazardous substances" within the meaning of Section 101(4) of CERCLA, 42 U.S.C. §9601. As such Carpenter is liable for all costs of response actions incurred and to be incurred at the Site pursuant to CERCLA.

71.     Under Sections 113(f)(1), 113(f)(3), 107(a), and 113(g)(3)(B) of CERCLA, Plaintiffs seek cost recovery and contribution from Carpenter for costs incurred by or to be incurred in the future in response to releases or threatened releases of hazardous substances at the Site. Plaintiffs also seek declaratory judgment to declare the rights of the parties as to all future costs incurred by the Plaintiffs at the Site.

## COUNT VII –DUPONT

72.     The allegations in paragraphs 1 through 49 are realleged and incorporated herein by reference.

73.     DuPont, or its predecessors, by contract, agreement, or otherwise, generated hazardous substances, arranged for disposal or treatment, or transported for disposal or treatment, at the Site of "hazardous substances" within the meaning of Section 101(4) of CERCLA, 42 U.S.C. §9601.  As such DuPont is liable for all costs of response actions incurred and to be incurred at the Site pursuant to CERCLA.

74.     Under Sections 113(f)(1), 113(f)(3), 107(a), and 113(g)(3)(B) of CERCLA, Plaintiffs seek cost recovery and contribution from DuPont for costs incurred by or to be incurred in the future in response to releases or threatened releases of hazardous substances at the Site.  Plaintiffs also seek declaratory judgment to declare the rights of the parties as to all future costs incurred by the Plaintiffs at the Site.

## COUNT VIII – EXXONMOBIL

75.     The allegations in paragraphs 1 through 49 are realleged and incorporated herein by reference.

76.     ExxonMobil, or its predecessors, by contract, agreement, or otherwise, generated hazardous substances, arranged for disposal or treatment, or transported for disposal or treatment, at the Site of hazardous substances.  As such ExxonMobil is liable for all costs of response actions incurred and to be incurred at the Site pursuant to CERCLA.

77.     Under Sections 113(f)(1), 113(f)(3), 107(a), and 113(g)(3)(B) of CERCLA, Plaintiffs seek cost recovery and contribution from ExxonMobil for costs incurred by or to be incurred in the future in response to releases or threatened releases of hazardous substances at the

Site.  Plaintiffs also seek declaratory judgment to declare the rights of the parties as to all future costs incurred by the Plaintiffs at the Site.

## COUNT IX –GATX

78.     The allegations in paragraphs 1 through 49 are realleged and incorporated herein by reference.

79.     GATX, or its predecessors, by contract, agreement, or otherwise, generated hazardous substances, arranged for disposal or treatment, or transported for disposal or treatment, at the Site of "hazardous substances" within the meaning of Section 101(4) of CERCLA, 42 U.S.C. §9601.  As such GATX is liable for all costs of response actions incurred and to be incurred at the Site pursuant to CERCLA.

80.     Under Sections 113(f)(1), 113(f)(3), 107(a), and 113(g)(3)(B) of CERCLA, Plaintiffs seek cost recovery and contribution from GATX for costs incurred by or to be incurred in the future in response to releases or threatened releases of hazardous substances at the Site. Plaintiffs also seek declaratory judgment to declare the rights of the parties as to all future costs incurred by the Plaintiffs at the Site.

## COUNT X – HERCULES

81.     The allegations in paragraphs 1 through 49 are realleged and incorporated herein by reference.

82.     Hercules, Inc., or its predecessors ("Hercules"), by contract, agreement, or otherwise, generated hazardous substances, arranged for disposal or treatment, or transported for disposal or treatment, at the Site of "hazardous substances" within the meaning of Section 101(4) of CERCLA, 42 U.S.C. §9601.  As such Hercules is liable for all costs of response actions incurred and to be incurred at the Site pursuant to CERCLA.

83.     Under Sections 113(f)(1), 113(f)(3), 107(a), and 113(g)(3)(B) of CERCLA, Plaintiffs seek cost recovery and contribution from Hercules for costs incurred by or to be incurred in the future in response to releases or threatened releases of hazardous substances at the Site.  Plaintiffs also seek declaratory judgment to declare the rights of the parties as to all future costs incurred by the Plaintiffs at the Site.

## COUNT XI – LUBRIZOL

84.     The allegations in paragraphs 1 through 49 are realleged and incorporated herein by reference.

85.      Lubrizol, or its predecessors, by contract, agreement, or otherwise, generated hazardous substances, arranged for disposal or treatment, or transported for disposal or treatment, at the Site of "hazardous substances" within the meaning of Section 101(4) of CERCLA, 42 U.S.C. §9601.  As such Lubrizol  is liable for all costs of response actions incurred and to be incurred at the Site pursuant to CERCLA.

86.     Under Sections 113(f)(1), 113(f)(3), 107(a), and 113(g)(3)(B) of CERCLA, Plaintiffs seek cost recovery and contribution from Lubrizol for costs incurred by or to be incurred in the future in response to releases or threatened releases of hazardous substances at the Site.  Plaintiffs also seek declaratory judgment to declare the rights of the parties as to all future costs incurred by the Plaintiffs at the Site.

## COUNT XII – JOINER

87.     The allegations in paragraphs 1 through 49 are realleged and incorporated herein by reference.

88.     Joiner Liquidating Trust, Liberty Waste Disposal, or their predecessors (collectively "Joiner"), by contract, agreement, or otherwise, arranged for disposal or treatment, or transported for disposal or treatment, at the Site of "hazardous substances" within the meaning

17

of Section 101(4) of CERCLA, 42 U.S.C. §9601. As such Joiner is liable for all costs of response actions incurred and to be incurred at the Site pursuant to CERCLA.

89.    Under Sections 113(f)(1), 113(f)(3), 107(a), and 113(g)(3)(B) of CERCLA, Plaintiffs seek cost recovery and contribution from Joiner for costs incurred by or to be incurred in the future in response to releases or threatened releases of hazardous substances at the Site. Plaintiffs also seek declaratory judgment to declare the rights of the parties as to all future costs incurred by the Plaintiffs at the Site.

### COUNT XIII – REXENE

90.    The allegations in paragraphs 1 through 49 are realleged and incorporated herein by reference.

91.    Rexene, or its predecessors, by contract, agreement, or otherwise, generated hazardous substances, arranged for disposal or treatment, or transported for disposal or treatment, at the Site of "hazardous substances" within the meaning of Section 101(4) of CERCLA, 42 U.S.C. §9601. As such Rexene is liable for all costs of response actions incurred and to be incurred at the Site pursuant to CERCLA.

92.    Under Sections 113(f)(1), 113(f)(3), 107(a), and 113(g)(3)(B) of CERCLA, Plaintiffs seek cost recovery and contribution from Rexene for costs incurred by or to be incurred in the future in response to releases or threatened releases of hazardous substances at the Site. Plaintiffs also seek declaratory judgment to declare the rights of the parties as to all future costs incurred by the Plaintiffs at the Site.

### COUNT XIV – HOECHST CELANESE

93.    The allegations in paragraphs 1 through 49 are realleged and incorporated herein by reference.

94.     Hoechst Celanese Chemical Group, Inc., Hoechst Celanese Corporation (collectively, "Hoechst Celanese"), or their predecessors, by contract, agreement, or otherwise, generated hazardous substances, arranged for disposal or treatment, or transported for disposal or treatment, at the Site of "hazardous substances" within the meaning of Section 101(4) of CERCLA, 42 U.S.C. §9601.  As such Hoechst Celanese is liable for all costs of response actions incurred and to be incurred at the Site pursuant to CERCLA.

95.     Under Sections 113(f)(1), 113(f)(3), 107(a), and 113(g)(3)(B) of CERCLA, Plaintiffs seek cost recovery and contribution from Hoechst Celanese for costs incurred by or to be incurred in the future in response to releases or threatened releases of hazardous substances at the Site.  Plaintiffs also seek declaratory judgment to declare the rights of the parties as to all future costs incurred by the Plaintiffs at the Site.

### COUNT XV – U.S. STEEL

96.     The allegations in paragraphs 1 through 49 are realleged and incorporated herein by reference.

97.     U.S. Steel and USX Corporation (collectively, "USX"), or their predecessors, by contract, agreement, or otherwise, generated hazardous substances, arranged for disposal or treatment, or transported for disposal or treatment, at the Site of "hazardous substances" within the meaning of Section 101(4) of CERCLA, 42 U.S.C. §9601.  As such, U.S. Steel is liable for all costs of response actions incurred and to be incurred at the Site pursuant to CERCLA.

98.     Under Sections 113(f)(1), 113(f)(3), 107(a), and 113(g)(3)(B) of CERCLA, Plaintiffs seek cost recovery and contribution from USX for costs incurred by or to be incurred in the future in response to releases or threatened releases of hazardous substances at the Site.

19

Plaintiffs also seek declaratory judgment to declare the rights of the parties as to all future costs incurred by the Plaintiffs at the Site.

## COUNT XVI – VACUUM TANKS, INC.

99.    The allegations in paragraphs 1 through 49 are realleged and incorporated herein by reference.

100.    Vacuum Tanks, Inc. ("Vacuum Tanks"), or its predecessors, by contract, agreement, or otherwise, arranged for disposal or treatment, or transported for disposal or treatment, at the Site of "hazardous substances" within the meaning of Section 101(4) of CERCLA, 42 U.S.C. §9601.  As such, Vacuum Tanks is liable for all costs of response actions incurred and to be incurred at the Site pursuant to CERCLA.

101.    Under Sections 113(f)(1), 113(f)(3), 107(a), and 113(g)(3)(B) of CERCLA, Plaintiffs seek cost recovery and contribution from Vacuum Tanks for costs incurred by or to be incurred in the future in response to releases or threatened releases of hazardous substances at the Site.  Plaintiffs also seek declaratory judgment to declare the rights of the parties as to all future costs incurred by the Plaintiffs at the Site.

## COUNT XVII – PETRO-CHEMICAL SYSTEMS, INC.

102.    The allegations in paragraphs 1 through 49 are realleged and incorporated herein by reference.

103.    Petro-Chem was the operator pursuant to 42 U.S.C. §9601(a)(1) of the Site during all or part of the time that hazardous substances were disposed of at the Site .  As such, Petro-Chem  is liable for all costs of response actions incurred or to be incurred at the Site pursuant to CERCLA.

104.   Under Sections 113(f)(1), 113(f)(3), 107(a), and 113(g)(3)(B) of CERCLA, Plaintiffs seek cost recovery and contribution from Petro-Chem for costs incurred by or to be incurred in the future in response to releases or threatened releases of hazardous substances at the Site.  Plaintiffs also seek declaratory judgment to declare the rights of the parties as to all future costs incurred by the Plaintiffs at the Site.

WHEREFORE, Plaintiffs Lyondell and ARCO pray that:

(1)   Albemarle Corporation; Carpenter Chemical Company; E. I. Du Pont De Nemours and Company; El Paso Tennessee Pipeline Company; EPEC Corporation; EPEC Polymers, Inc.; Ethyl Corporation; Exxon Mobil Corporation; French, Limited; French Limited of Houston, Inc.; GATX Corporation; Hercules Incorporated; Hoechst Celanese Chemical Group, Inc.; Hoechst Celanese Corporation, Joiner Liquidating Trust; Liberty Waste Disposal; PPG Industries, Inc.; Petro-Chemical Systems, Inc.; Petro-Tex Chemical Co.; Rexene Corporation; Team, Inc.; Tenneco, Inc.; Tenneco Chemicals, Inc.; Tenneco Hydrocarbon Chemicals; Tenneco Manufacturing Company; Tenneco Polymers, Inc.; Tenneco Resins, Inc.; Tennessee Gas Pipeline Company (formerly Tenneco, Inc.); The Goodyear Tire & Rubber Company; The Lubrizol Corporation; U.S. Steel; USX Corporation; and Vacuum Tanks, Inc. be held liable for cost recovery and contribution for all response costs incurred in the past or in the future by the Plaintiffs relating to the Turtle Bayou Site;

(2)   Plaintiffs Lyondell and ARCO recover from Albemarle Corporation; Carpenter Chemical Company; E. I. Du Pont De Nemours and Company; El Paso Tennessee Pipeline Company; EPEC Corporation; EPEC Polymers, Inc.; Ethyl Corporation; Exxon Mobil Corporation; French, Limited; French Limited of Houston, Inc.; GATX Corporation; Hercules Incorporated; Hoechst Celanese Chemical Group, Inc.; Hoechst Celanese Corporation, Joiner

21

Liquidating Trust; Liberty Waste Disposal; PPG Industries, Inc.; Petro-Chemical Systems, Inc.; Petro-Tex Chemical Co.; Rexene Corporation; Team, Inc.; Tenneco, Inc.; Tenneco Chemicals, Inc.; Tenneco Hydrocarbon Chemicals; Tenneco Manufacturing Company; Tenneco Polymers, Inc.; Tenneco Resins, Inc.; Tennessee Gas Pipeline Company (formerly Tenneco, Inc.); The Goodyear Tire & Rubber Company; The Lubrizol Corporation; U.S. Steel; USX Corporation; and Vacuum Tanks, Inc. for all of their response costs incurred in the past, or in the future;

(3)     Plaintiffs Lyondell and ARCO receive their costs of suit; and

(4)     Plaintiffs Lyondell and ARCO receive prejudgment and post-judgment interest as allowed by law and such other and further relief as the Court may deem just and proper.

Respectfully submitted,

CONNELLY, BAKER, WOTRING & JACKSON, L.L.P.

By: _____
Michael Connelly
State Bar No. 04685000
700 Louisiana, Suite 1850
Houston, Texas  77002
Telephone:  (713) 980-1711
Facsimile:  (713) 980-1701

**ATTORNEY IN CHARGE FOR PLAINTIFFS LYONDELL CHEMICAL COMPANY and ATLANTIC RICHFIELD COMPANY**

OF COUNSEL:

John Muir
State Bar No. 14630477
CONNELLY, BAKER, WOTRING & JACKSON, L.L.P.
700 Louisiana, Suite 1850
Houston, Texas  77002
Telephone:  (713) 980-1711
Facsimile:  (713) 980-1701