IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| LYONDELL CHEMICAL COMPANY *et al.*, <br> *Plaintiffs,* <br><br> vs. <br><br> ALBEMARLE CORPORATION, *et al.*, <br> *Defendants.* | § § § § § § § § § § § § § | CIVIL ACTION NO. 01:01-CV-890 <br> (Judge Howell Cobb) <br><br> *(Consolidated with 01:02-CV-003)* |

### EL PASO DEFENDANTS' MOTION TO EXCLUDE EXPERTS' REPORTS AND TESTIMONY

TO THE SAID HONORABLE COURT:

Come now, Defendants/Third-Party Plaintiffs El Paso Tennessee Pipeline Company, EPEC Corporation, EPEC Polymers, Inc. and Tennessee Gas Pipeline Company ("El Paso" or the "El Paso Defendants"), by counsel, and file this Motion to Exclude Experts' Reports and Testimony of Bill Chadick (for Defendants AK Steel and The Lubrizol Corporation), of Jess A. McAngus (for Defendant Bayer CropScience) and of James S. Zubrow (for Defendant Beazer East, Inc.), and for cause would show unto the Court as follows:

1. In its Agreed Third Amended Scheduling Order, filed September 29, 2003, the Court ordered, on or before December 19, 2003, the "Disclosure of Expert Testimony of Defendants, Cross-Defendants, and Third-Party Defendants," with the exception of expert testimony on allocation. (Only Defendants Chevron U.S.A., Inc., Huntsman Petrochemical Corp. and Occidental Chemical Corp. were permitted by the order to designate experts on that date without disclosing expert testimony). Most Defendants and Third-Party Defendants (except A.K. Steel, Bayer, Beazer, and Lubrizol) served their defensive expert reports on or about December 19, 2003 per the Order.

**ATTENTION**
**Attachments Not Bound**

2. The Agreed Third Amended Scheduling Order also required that on or before January 30, 2004, all parties were to disclose expert testimony on allocation.

3. On January 30, 2004, defendants AK Steel, Lubrizol, Bayer CropScience and Beazer East, joined by several other parties, served an allocation report entitled "Turtle Bayou Disposal Site Allocation Issues," prepared by Davis L. Ford. In his report Mr. Ford stated that in the preparation of his report he had "worked and relied upon" experts such as Bob Zoch (who focused on the Arco plants), Michael Wild (who developed a database of sampling data from the Turtle Bayou Site), and Wayne Grip (who analyzed aerial photographs). Messrs Zoch, Wild and Grip previously submitted their own expert reports on December 19, 2003 as experts for the "Turtle Bayou Defense Team" (also referred to by Mr. Zoch as the "Turtle Bayou Joint Defense Group").

4. On January 30, 2004, AK Steel, Bayer Cropscience, Beazer East, submitted purported expert witness reports of Bill Chadick (one defensive report for Lubrizol), which is attached hereto as Exhibit A, and (a separate defensive report for AK Steel), which is attached hereto as Exhibit B, Jess A. McAngus (defensive report for Bayer Cropscience), which is attached hereto as Exhibit C, and James S. Zubrow (defensive report for Beazer East), which is attached hereto as Exhibit D.[1] Of the four expert reports served on January 30, 2004, only Mr. Zubrow's (Exhibit D) was styled an "allocation" report. As will be shown, these four expert reports are not "allocation" reports at all, but are in fact "defensive" opinions intended to refute the "offensive" reports timely submitted by several parties on November 7, 2003, and to persuade the Court that their clients did not dispose of hazardous substances at the Turtle Bayou

---

[1] To assist the Court's consideration of this motion, El Paso Defendants attach copies of the reports as Exhibits A, B, C, and D to the original motion, and court's copy. Since all counsel have been previously provided copies of Exhibits A, B, C, and D, the service copies provided to counsel do not include the Exhibits.

site. There is nothing in any of these reports about cost allocation among the parties, and these defensive reports were required by the Scheduling Order to be filed by December 19, 2003.

5. Accordingly, the El Paso Defendants move to exclude the expert reports and testimony of Messrs. Chadick (Exhibits A & B), McAngus (Exhibit C), and Zubrow (Exhibit D) on the grounds that they were not only untimely filed as "defensive" expert reports and testimony (such reports were due December 19, 2003, but these were filed January 30, 2004), but that they have been untimely submitted intentionally under the rubric of "allocation" reports in order to gain an unfair advantage over those parties who scrupulously complied with the Court's Agreed Third Amended Scheduling Order and submitted their reports on December 19, 2003.

6. FRCP Rule 26(a)(2), cited in the Agreed Third Amended Scheduling Order by the Court for information required to be disclosed in expert reports, provides in 26(a)(2)(C), ". . . <u>disclosure shall be made at the times and in the sequence</u> directed by the court" (emphasis added). As noted, the Court was at pains in its scheduling order to differentiate between expert testimony disclosure to be submitted on or before December 19, 2003, and disclosure of expert testimony on allocation to be submitted on or before January 30, 2004. The obvious purpose in the Court's structuring of these expert report deadlines, pursuant to its authority under Rule 26(a)(2)(C), was to provide a sequence of events which would preclude the possibility of one or more parties gaining an unfair advantage over, or in the vernacular, of "sandbagging," opposing parties.

7. When AK Steel, Lubrizol, and Bayer CropScience (all represented by the same law firm), and Beazer submitted "defensive" expert witness reports and proposed testimony six weeks after the other parties had submitted such reports, they did so under the guise or pretext

3

that these reports are "allocation" reports, when in fact they are not. These four parties simply saw an opportunity to receive and review the expert witness reports of the other parties, then submit those reports to their own experts, thereby gaining six additional weeks within which to construct and submit, in effect, rebuttal "defensive" testimony, flying under the false flag of expert "allocation" testimony.

8. A cursory examination of these reports illuminates and underscores the transparency of this sharp practice:

(a) <u>AK Steel (report of Bill Chadick) (Exhibit B)</u>: Mr. Chadick, who in a moment of candor chose not to style his report as that of an "allocation" expert, was equally forthcoming in acknowledging under "Information Reviewed" (Exhibit B, pp. 12-13) that, among the expert reports of other parties he considered in preparing his own, were those of Michael R. Wild and Robert M. Zoch, as well as that of Richard C. Bost, timely submitted by the El Paso parties on December 19, 2003.

Even under the most liberal interpretation, Mr. Chadick's report (Exhibit B) for AK Steel cannot be construed as one of allocation. In fact, in his "Statement of Objective," he acknowledges that he has been employed to "review and evaluate the potential" for his clients to have "disposed of hazardous substances at the Turtle Bayou site." Mr. Chadick then provides a background review of the site with a description of the Houston Works Steel Mill, including its various operational components (Exhibit B, pp. 1-7). He summarizes Plaintiff Lyondell/Arco's expert's report (Exhibit B, pp. 7-8), El Paso's expert's report (Exhibit B, p. 8), and the deposition testimony of truck drivers Charles L. Thomas, Fred Bruce, and Kenneth Kimmons, with quotations from each.

4

Mr. Chadick concludes his report by stating that "it is my opinion that Armco wastes were not taken to the Turtle Bayou Site" (p. 11). In other words, Mr. Chadick undertakes to give a "defensive" opinion in attempted refutation of other parties' timely filed reports and of deposition testimony, while offering no pretense that he was hired by AK Steel to be, or is prepared to give testimony as, an "allocation" expert. Every aspect of Mr. Chadick's report is directed toward the proposition that Armco deposited no hazardous waste at the Turtle Bayou Site.

   (b) <u>Lubrizol (report of Bill Chadick) (Exhibit A)</u>: In his report for Lubrizol, Mr. Chadick follows essentially the same format as he does in his report for AK Steel, including the conclusory statement in his "Opinion" that ". . . material, wastes, or hazardous substances from The Lubrizol Corp.'s Deer Park and Bayport facilities were not disposed of at the Turtle Bayou site" (Exhibit A, p. 2). Again, he makes no attempt to allocate cost responsibility, confining himself strictly to the self-appointed role of "super fact witness," whose sole basis for giving expert testimony is to examine witnesses' testimony and other parties' reports and to draw the unsupported conclusion, <u>as an expert</u>, that there is no evidence that Lubrizol waste was dumped at Turtle Bayou (Exhibit A, p. 11). And as in his report for AK Steel, Mr. Chadick in his Lubrizol report cites to the expert reports of El Paso's Richard C. Bost, whose report was timely filed six weeks earlier, in accordance with the Court's Agreed Third Amended Scheduling Order. Again, as in his report for AK Steel, Mr. Chadick makes no reference to "allocation." In fact, the word "allocation" is never even used in his Lubrizol report.

   (c) <u>Bayer CropScience (report of Jess R. McAngus) (Exhibit C)</u>: Mr. McAngus, in preparing his expert report for Bayer CropScience, appears to have worked closely with Mr. Chadick. AK Steel and Lubrizol, as well as Bayer, are represented by Vinson &

5

Elkins. Like Mr. Chadick, Mr. McAngus states that his mandate from Bayer CropScience to "review and evaluate the potential" for Bayer Cropscience "to have disposed of hazardous substances" at the Turtle Bayou Site. Like Mr. Chadick, he does not claim that he was hired to prepare a report or provide testimony on the question of allocation of costs. Mr. McAngus devotes eight pages of his twelve page report to a discussion of the "products and sub-products" produced at the Bayer CropScience Houston plant during the relevant period. He then considers briefly the report of the Lyondell/Arco expert Dr. Hairston, and of the El Paso expert Robert Morrison, and devotes one page to comments about depositions of waste hauler truck drivers. He then concludes his report, much as did Mr. Chadick, with a one-sentence opinion that the "Stauffer Chemical Corporation-Houston Plant did not dispose of any material, wastes or hazardous substance in the Turtle Bayou site" (Exhibit C, p. 12). Again, as in the Chadick reports for AK Steel and Lubrizol, Mr. McAngus does not use the word "allocation" or make any attempt to address or express an opinion about cost allocation. And like the Chadick reports, the McAngus report for Bayer limits itself to a review of aspects of the evidence and expert opinions of others, and to the conclusory (unsupported) opinion that his client dumped no waste at Turtle Bayou.

    (d)    <u>Beazer East, Inc. (report of James S. Zubrow) (Exhibit D)</u> - The report of Mr. Zubrow, for Beazer East, at least gives a cursory nod in the direction of his purported assignment by entitling his monograph "Allocation Report." Beyond that superficial heading, however, there is virtually nothing in Mr. Zubrow's report which addresses the question of cost allocation. He has submitted, as did Messrs. Chadick and McAngus, a purely "defensive" brief in support of his client's assertion that it dumped no waste at Turtle Bayou. In fairness, though, it must be acknowledged that Mr. Zubrow did take the trouble to insert the phrase "response

6

costs," in concluding that Beazer should bear no such burden because, in his unsupported (but "expert") opinion, they did not dispose of waste at the Turtle Bayou site. As did Messrs. Chadick and McAngus, Mr. Zubrow also availed himself of the opportunity, before he prepared his report, to review the expert reports submitted earlier by Messrs. Grip, Wild, and Zoch, as well as those of Mr. Brown (for Lyondell/Arco), and Mr. Morrison (for El Paso), thereby gaining a six weeks advantage over the other experts who played by the rules and complied with the Court's order.

9. As noted above, on January 30, 2004, AK Steel, Lubrizol, Bayer and Beazer already submitted an allocation report prepared by their shared expert, Davis L. Ford. The submission of the Chadick, McAngus, and Zubrow defensive reports are merely an attempt, in a mixture of metaphors, to slip three Trojan horses under the radar, disguised as allocation experts.

10. Based on the foregoing, the El Paso defendants pray that the expert reports and testimony submitted by Mr. Bill Chadick (on behalf of AK Steel and Lubrizol), Mr. Jess A. McAngus (on behalf of Bayer CropScience), and Mr. James S. Zubrow (on behalf of Beazer East, Inc.), be excluded for all purposes from consideration in this case by reason of untimeliness, as prejudicial to other parties (including the El Paso Defendants) who timely filed their reports, and as being in violation of this Court's Agreed Third Amended Scheduling Order, and for such other and further relief as to which the El Paso parties shall show themselves entitled in the premises.

Respectfully submitted,

John R. Eldridge *By Bran Perfai with permission*

John R. Eldridge
Texas State Bar No. 06513520
HAYNES AND BOONE, L.L.P.
1000 Louisiana Street, Suite 4300
Houston, Texas 77002-5012
Telephone: (713) 547-2000
Telecopier: (713) 547-2600
E-mail Address: *eldridgj@haynesboone.com*
ATTORNEY-IN-CHARGE FOR DEFENDANTS
EL PASO TENNESSEE PIPELINE CO., EPEC
POLYMERS, INC., EPEC CORPORATION AND
TENNESSEE GAS PIPELINE COMPANY

*OF COUNSEL:*
Kimberly Lesniak
Texas State Bar No. 22264050
EL PASO CORPORATION
1001 Louisiana
Houston, Texas 77002
Telephone: (713) 420-4855
Telecopier: (713) 420-7011
E-mail Address: *kim.lesniak@elpaso.com*

Tanner T. Hunt, Jr.
Texas State Bar No. 10294000
WELLS, PEYTON, GREENBERG
& HUNT, L.L.P.
550 Fannin, Sixth Floor, Petroleum Tower
Beaumont, Texas 77704-3708
Telephone: (409) 838-2644
Telecopier: (409) 838-4713
E-mail Address: *thunt@wellspeyton.com*

Andrew L. Fono
Texas State Bar No. 00787480
Ann Al-Bahish
Texas State Bar No. 00787006
HAYNES AND BOONE, L.L.P.
1000 Louisiana Street, Suite 4300
Houston, Texas 77002-5012
Telephone: (713) 547-2062
Telecopier: (713) 236-5601

## **CERTIFICATE OF CONFERENCE**

I hereby certify that during the period February 20, 2004 through February 26, 2004 we conferred by correspondence with Mr. Keith Lapeze, representing AK Steel, The Lubrizol Corporation, and Bayer CropScience, and Mr. Carl Everett, representing Beazer East, Inc., in an effort to gain their agreement to withdrawal for all purposes the expert reports and testimony of Bill Chadick (for AK Steel and Lubrizol), and Jess A. McAngus (for Bayer CropScience), and James S. Zubrow (for Beazer East, Inc.), and that our efforts were unsuccesful.

John R. Eldridge By [signature] with permission

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been sent to all counsel of record listed below by fascimile on this the 26th day of February, 2004.

**DEPARTMENT OF JUSTICE**
Scott Stewart, Attorney-in-Charge
Environmental Enforcement Section
Environmental and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, DC  20044

**UNITED STATES ATTORNEY**
Michael Lockhart
Assistant United States Attorney
Eastern District of Texas
350 Magnolia, Suite 150
Beaumont, Texas  77701-2237

**ENVIRONMENTAL PROTECTION AGENCY**
Anne Foster
Assistant Regional Counsel
Office of Regional Counsel
US Environmental Protection Agency
1445 Ross Avenue
Dallas, Texas  75202-2733

**LYONDELL CHEMICAL COMPANY and ATLANTIC RICHFIELD COMPANY**
Michael Connelly
John Muir
CONNELLY, BAKER, WOTRING & JACKSON, L.L.P.
700 Louisiana, Suite 1850
Houston, Texas  77002

**ALBEMARLE CORPORATION, E.I. DU PONT DE NEMOURS AND COMPANY, BEAZER EAST, ETHYL CORPORATION and CELANESE LTD. (successor to Hoechst Celanese Chemical Group, Inc.)**
Carl B. Everett
SAUL EWING LLP
Centre Square West
1500 Market Street, 37th Floor
Philadelphia, PA 19102-2186

Paul Heyburn
MEHAFFY & WEBER
One Allen Center
500 Dallas, Suite 1200
Houston, Texas  77002

**CARPENTER CHEMICAL COMPANY, GATX CORPORATION, and HERCULES INCORPORATED**
Robert (Robin) E. Morse, III
Kelly D. Brown
CRAIN, CATON & JAMES, P.C.
1401 McKinney, Suite 1700
Houston, Texas  77010

**GOODYEAR TIRE & RUBBER COMPANY**
Tracie J. Renfroe
M. Coy Connelly
BRACEWELL & PATTERSON, L.L.P.
711 Louisiana St., Suite 2900
Houston, Texas  77002-2781

**EXXON MOBIL CORPORATION**
David M. Bates
GARDERE WYNNE SEWELL, L.L.P.
1000 Louisiana, Suite 3300
Houston, Texas 77002-5007

**PPG INDUSTRIES, INC.**
George E. McGrann
SCHNADER, HARRISON, SEGAL & LEWIS, L.L.P.
120 Fifth Avenue, Suite 2700
Fifth Avenue Place
Pittsburgh, PA 15222-3010

W. Frances Moore
DUNN, KACAL, ADAMS, PAPPAS & LAW, P.C.
One Riverway, Suite 1200
Houston, Texas 77019-2151

**CHEVRON U.S.A., INC., HUNTSMAN PETROLEUM CORP./OCCIDENTAL**
Mr. Andrew Strong
Ms. Jennifer S. Cook
Campbell, George & Strong, L.L.P.
4624 San Felipe, Suite 700
Houston, TX 77027

**THIRD PARTY DEFENDANT N.L. INDUSTRIES, INC.**
James L. Ware/Richard A. Sheehy
SHEEHY, SERPE &WARE, P.C.
2500 Two Houston Center
909 Fannin Street
Houston, TX 77010

**LUBRIZOL CORP., THIRD PARTY DEFENDANTS A.K. STEEL AND BAYER CROPSCIENCE**
Sharon Mattox
Keith W. Lapeze
VINSON & ELKINS, L.L.P.
2300 First City Tower
1001 Fannin Street
Houston, Texas 77002-6760

**VACUUM TANKS, INC.**
Eva Fromm O'Brien
Heather M. Corken
FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77010-3095

**TEAM, INC.**
Charles E. Frost, Jr.
CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & MARTIN
1200 Smith Street, Suite 1400
Houston, Texas 77002

J. Thad Heartfield
HEARTFIELD & MCGINNIS, L.L.P.
2195 Dowlen Road
Beaumont, Texas 77706

11

**U.S. STEEL CORPORATION**
Philip Werner
WERNER AND KERRIGAN, L.L.P.
1300 Post Oak Blvd., Suite 2225
Houston, Texas 77056

David L. Smiga
UNITED STATES STEEL
CORPORATION
600 Grant Street, Room 1500
Pittsburgh, PA 15219-2800

**HUNTSMAN POLYMERS CORPORATION (f/n/a REXENE CORPORATION)**
Tom N. Kiehnhoff
REAUD, MORGAN & QUINN, INC.
801 Laurel Street
P.O. Box 26005
Beaumont, Texas 77720-6005

**COUNSEL FOR CROMPTON CORP.**
Debra Belaga and Peter Obstler
O'Melveny & Myers, LLP
Embarcadero Center West, 275 Battery St.
San Francisco, CA 94111-3305

**COUNSEL FOR NL INDUSTRIES**
Marcus Martin
Highland Environmental Management
1630 30th Street, Suite 600
Boulder, CO 80301

**COUNSEL FOR COOK COMPOSITES AND POLYMERS**
Robert J. Carty
Shook, Hardy & Bacon, LLP
JP Morgan Chase Tower
600 Travis Street, Suite 1600
Houston, TX 77002-2911

**COUNSEL FOR J.M. HUBER CORPORATION**
C. Scott Mann, Jr.
Germer Gertz, L.L.P.
P. O. Box 4915
Beaumont, TX 77704-4915

Gregg Brown
Germer, Gertz, Beaman & Brown, L.L.P.
14101 Highway 290 West, Building 1300
Austin, TX 78737

Eli Bell
Bell, Tourney, Coogan & Richards, L.L.P.
823 Congress Avenue, Suite 706
Austin, TX 78701

_____
Tanner T. Hunt, Jr. *By [signature] with permission*